UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDE DAVID SMITH,

Plaintiff,

v.

HOUSING AUTHORITY OF THE CITY OF ALAMEDA, et al.,

Defendants.

Case No. 26-cv-01233-HSG

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Re: Dkt. No. 16

Defendant Housing Authority of the City of Alameda moves to dismiss the complaint filed by pro se Plaintiff Jude David Smith. Dkt. No. 16. For the reasons discussed below, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## I. BACKGROUND

In February 2026, Plaintiff filed the complaint against the Housing Authority of the City of Alameda and Joann Harris. The complaint alleges that Defendants canceled Plaintiff's lease on February 9, 2026, without obtaining his consent, and misrepresented to his landlord that the lease was cancelled. Dkt. No. 1. The complaint further alleges that his landlord committed fraud related to the move-in inspection. *Id.* With the complaint, Plaintiff filed a motion to proceed in forma pauperis. Dkt. No. 2.

On May 8, 2026, the Court screened and denied Plaintiff's motion to proceed in forma pauperis, simultaneously dismissing Plaintiff's complaint, and directed Plaintiff to file any amended complaint by Jule 17, 2026. Dkt. No. 7. Plaintiff filed a motion to extend the deadline to July, 17, 2026. The Court granted Plaintiff's motion but noted that the Court would not grant Plaintiff any further extensions to file the amended complaint. Dkt. Nos. 11, 12.

Despite receiving an extension, Plaintiff failed to meet the Court's deadline to file the

United States District Court
Northern District of California

United States District Court
Northern District of California

amended complaint. Dkt. No. 13. On July 29, 2026, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 14. A mailed copy of the order to show cause was sent to Plaintiff, but the mail was returned as undeliverable and noted that Plaintiff no longer resided at that address. Dkt. No. 15. Plaintiff previously updated the Court when he changed addresses, but he has not provided his current address to the Court. Dkt. No. 8. Subsequently, Plaintiff missed the August 10, 2026, deadline to respond to the Court's order to show cause. Dkt. No. 16. To date, Plaintiff has not communicated with the Court in any way since his June 5, 2026, motion to extend the amended complaint filing deadline.

On September 22, 2026, Defendant Housing Authority of Alameda moved to dismiss for failure to prosecute. Dkt. No. 16.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260 (9th Cir. 1992); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise). Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.3d at 1260–61. Lastly, courts must "liberally construe the 'inartful pleading' of pro se litigants" and provide pro se litigants with "notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* at 1261.

Here, the Court finds that the factors weigh in favor of dismissal. After dismissal of his first complaint, where the Court provided notice to Plaintiff of the deficiencies in his complaint and an opportunity to amend, Plaintiff Smith has failed to comply with the Court's orders or participate in this litigation. Plaintiff also has a duty to promptly notify the Court if his address

United States District Court
Northern District of California

changes and failure to do so provides a separate basis for dismissal. Civil L.R. 3-11.

## III. CONCLUSION

Having carefully considered the factors, the Court finds that dismissal for failure to prosecute is appropriate. Accordingly, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff Smith's complaint **WITHOUT PREJUDICE** for failure to prosecute. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: 10/5/2026

Haywood S. Gill, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge